[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15766
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 1, 2010
JOHN LEY
CLERK

D. C. Docket No. 02-00329-CR-T-17EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOAQUIN MARIO VALENCIA-TRUJILLO,
a.k.a. Eljoven,
a.k.a. El Abogado,
a.k.a. Oscar Martinez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 1, 2010)

Before EDMONDSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

After a sixty-six-day trial and four days of jury deliberations, Joaquin Mario Valencia-Trujillo was convicted of money laundering and several drug crimes. This Court affirmed those convictions. See United States v. Valencia-Trujillo, 573 F.3d 1171 (11th Cir. 2009), cert. denied, 130 S.Ct. 1726 (2010). While that appeal was pending, Valencia-Trujillo filed with the district court a motion for a new trial. The basis for the motion was that defense counsel had learned that the jury's foreman, without disclosing the matter to the court, had booked a flight to Las Vegas on what proved to be the fourth day of jury deliberations. The district court eventually denied that motion. Valencia-Trujillo now appeals a second time, contending that the district court abused its discretion by denying his motion for a new trial and by failing to conduct an evidentiary hearing. Valencia-Trujillo argues that the jury foreman was not candid during voir dire and that he failed to disclose relevant travel information. Valencia-Trujillo asserts that the juror would have been dismissed for cause if he had disclosed his travel plans.

We review a district court's decision whether to grant a new trial or an evidentiary hearing only for abuse of discretion. United States v. Quilca-Carpio, 118 F.3d 719, 722 (11th Cir. 1997). Because "a litigant is entitled to a fair trial, but not a perfect one," McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 553, 104 S. Ct. 845, 848 (1984), "[c]ourts should ignore errors that do not

2

affect the essential fairness of the trial," United States v. Carpa, 271 F.3d 962, 966 (11th Cir. 2001) (quotation marks omitted).

"[T]o obtain a new trial [based on juror misconduct during voir dire], a party must first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause." McDonough, 464 U.S. at 556, 104 S. Ct. at 850. The first prong requires a determination of whether the juror answered honestly, "that is, whether he was aware of the fact that his answers were false." United States v. Perkins, 748 F.2d 1519, 1531 (11th Cir. 1984).

The second prong, that a correct response would have provided a valid basis for a challenge for cause, requires a showing of actual bias. BankAtlantic v. Blythe Eastman Paine Webber, Inc., 955 F.2d 1467, 1473 (11th Cir. 1992) (citing Perkins, 748 F.2d at 1532); see also United States v. Tutt, 704 F.2d 1567, 1569 (11th Cir. 1983) ("The defendant is required to demonstrate an actual, identifiable prejudice on the part of the juror."). Actual bias may be shown either "by express admission or by proof of specific facts showing such a close connection to the circumstances at hand that bias must be presumed." BankAtlantic, 955 F.2d at 1473 (quotation marks omitted).

The district court did not abuse its discretion in denying Valencia-Trujillo's

3

motion for a new trial. Valencia-Trujillo has failed to demonstrate that the jury foreman dishonestly answered a material question in the initial juror questionnaire or during voir dire. Not only was the juror never asked a specific question about his travel plans, but Valencia-Trujillo concedes that "it is not known when the future foreman booked his travel to Las Vegas." Without evidence of when the juror made his travel plans, Valencia-Trujillo is unable to establish that the juror knowingly made any dishonest statement. He cannot satisfy the first prong of McDonough. See Perkins, 748 F.2d at 1531.

Moreover, Valencia-Trujillo has failed to show any actual bias on the part of the juror in question. The Supreme Court has emphasized that "[t]he motives for concealing information may vary, but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial." McDonough, 464 U.S. at 556, 104 S. Ct. at 850. Scheduling conflicts are bias-neutral, and we have no reason to draw an inference of partiality from the facts of this case. Compare Perkins, 748 F.2d at 1532 (inferring actual bias because the juror had clearly lied about his personal knowledge of the defendant and his extensive involvement in prior civil and criminal litigation). Because Valencia-Trujillo has not offered adequate evidence to satisfy either prong of McDonough, he was not entitled to new trial based upon juror misconduct.

4

Valencia-Trujillo also contends that the district court abused its discretion by failing to investigate his allegations of juror misconduct. District courts, however, are required to investigate "only when the party alleging misconduct makes an adequate showing of extrinsic influence to overcome the presumption of jury impartiality." United States v. Cuthel, 903 F.2d 1381, 1383 (11th Cir. 1990) (quoting United States v. Barshov, 733 F.2d 842, 851 (11th Cir. 1984)); see also Fed.R.Evid. 606(b); McElroy v. Firestone Tire & Rubber Co., 894 F.2d 1504, 1511 (11th Cir. 1990). To justify a post-trial hearing on juror misconduct, a defendant "must show clear, strong, substantial and incontrovertible evidence . . . that a specific nonspeculative impropriety has occurred." Cuthel, 903 F.32d at 1383. "The more speculative or unsubstantiated the allegation of misconduct, the less the burden to investigate." Id. (quoting United States v. Caldwell, 776 F.2d 989, 998 (11th Cir. 1985)).

Valencia-Trujillo has failed to make the required showing. He relies on speculative allegations of misconduct and has no "clear, strong, substantial [or] incontrovertible evidence" that calls the jury's impartiality into doubt. Id. Valencia-Trujillo's argument that the jury rushed its verdict to accommodate the foreman's travel plans is based solely on the beliefs of an alternate juror who was not privy to the jury deliberations.

5

To the extent that the jury foreman did pressure the jury to hurry its deliberations, that would constitute internal, instead of external, influence on the jury. United States v. Norton, 867 F.3d 1354, 1366 (11th Cir. 1989). Any evidence supporting Valencia-Trujillo's allegation would not be competent evidence with which he could impeach the jury's verdict. See id.; Fed.R.Evid. 606(b). A district court does not abuse its discretion when it decides not to investigate allegations of juror misconduct that are "entirely endemic to the deliberations." United States v. Prosperi, 201 F.3d 1335, 1341 (11th Cir. 2000). Because Valencia-Trujillo has not made any showing that the jury was subjected to extrinsic influence, the district court did not abuse its discretion by deciding not to conduct an evidentiary hearing. See id.; Cuthel, 903 F.32d at 1383 (holding that the district court did not abuse its discretion in failing to conduct an evidentiary hearing despite evidence of premature deliberations by the jury and evidence of intrajury pressure to reach a verdict).

**AFFIRMED.**